Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.

Regular Term—First Tuesday after first Monday of January, at Columbus.

Reporter—John W. L. Henney, Columbus; Bell.

Assistant Reporters—Clinton Collins, H. L. Connett, Columbus.

### LAW LIBRARY

Librarian—Louis McCallister, Columbus.

Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

No new cases this week.

---

## SUPREME COURT RULES AMENDED

The Supreme Court has amended its rules in regard to typewritten briefs, permitting the filing of carbon copies if same are clearly legible. The rule relating to notice of motion to certify record has been amended and the brief in support such motion must set forth a copy of the journal entry of the Court of Appeals. Proof of service of notice and briefs in support of motion must be filed with the motion.

Rule VIII, as amended, is as follows:

### RULE VIII
#### Motions to Certify Record

Section 1—Limitation. Motions asking an order directing the Court of Appeals to certify its record must be filed with the clerk within seventy days from the entry of judgment in the Court of Appeals.

Section 1—Notice of Motion to Centify Record. Notice in writing of the intetntion to file a motion for an order directing the Court of Appeals to certify its record shall be given to the adverse party, or his attorney of record; a copy of such notice, with the proof of service thereof, shall be filed with the motion.

The addresses of counsel for the respective parties shall be furnished to the clerk by the party filing the motion. The date of hearing of the motion shall be fixed by the clerk who shall notify counsel.

Section 3—Briefs on Motions to Certify Record. (a) With the motion to certify the record counsel for plaintiff in error shall file nine copies of a printed or typewritten brief, containing a statement of the questions presented and a short statement of so much of the case as may be necessary to show how the questions arise. Such briefs shall set forth in full a copy of the journal entry in the Court of Appeals, complained of, and if the construction of a statute is involved the briefs shall contain a copy of such statute.

(b) Nine copies of a like brief shall be filed by counsel for defendant in error not less than five days before the date of hearing.

(c) Service of all briefs shall be made upon opposing counsel forthwith and proof of service filed with the clerk.

(d) Either party may file twelve copies of printed brief upon the motion, which copies ma thereafter be used as briefs upon the merits of th case, as specified in Rule II, should the motion t certify the record be granted.

(e) When typewritten briefs are filed, at leas three must be original copies; of the remaining si three must be first carbon and three second car bon copies. Such briefs should not be written o thin paper. The clerk is directed to reject brief which are not clearly legible.

(f) When a motion to certify record is receive by clerk, the same being unaccompanied by briefs a required by this rule, such motion shall be held an not docketed until counsel have furnished brief which comply with the rule; counsel to be notifie immediately by the clerk that unless such briefs ar filed within ten days the motion will be stricke from the files.

Provided, that if such motion is accompanied b briefs which are not in compliance with the rul the motion shall be docketed and at least one of th rejected briefs returned to counsel with directio that proper briefs be filed within ten days.

A similar amendment as to typewritten briefs ha been made in Rule II, Section 8, Additional Authori ties; Rule II, Section 13, Briefs in Original Actions Rule XVIII, Briefs in Criminal Cases, and Rule XX Applications for Rehearing. That is, nine copie must be filed, three of which must be originals an the remainder first and second carbons which ar clearly legible.

---

## OPINIONS
### SYLLABI

No. 17648—The Metropolitan Securities Co. v Martin Orlow et al. Certified by the Court of Ap peals of Lorain county.

LIENS—COMMON LAW—(1) Upon chattel prop erty—(2) Lien of mortgage upon, superior t common law lien for repairs—(3) Duties of mort gagor as caretaker, does not authorize creatio of a prior lien.

MARSHALL, C. J.

1. An artisan who furnishes material or perform labor for the building or repair of chattel propert has a valid common law lien upon such chatte property for the reasonable value of such labor an materials while he retains such chattel property i his possession.

2. Where such chattel property is encumbered b a valid chattel mortgage, properly executed an filed, according to the statutes of Ohio in suc cases made and provided, such record is construc tive notice to persons who thereafter perform labo or furnish materials in repairing such chattel prop erty, and the common law lien of such artisan i subordinate to the lien of the mortgagee thereon.

3. A covenant in a chattel mortgage that th mortgagor will take care of the property, and kee it in first-class condition and order at all times, a mortgagor's expense, does not constitute the mort gagor the agent of the mortgagee or authorize th mortgagor, by his contract for repairs, to creat any lien which will take priority over such mort gagor.

Judgment for plaintiff in error.

Robinson, Jones and Matthias, JJ., concur. Wanamaker, Day and Allen, JJ., dissent.